**Daniel A. Rayfield**, OSB #06479
Email: drayfield@wtlegal.com
Weatherford, Thompson, Cowgill, Black & Schultz, P.C.   FILED'08 APR 01 11:10USDC-ORE
130 W. First Ave.
PO Box 667
Albany, OR 97321
Phone: (541) 926-2255
Fax: (541) 967-6579
Of Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **BRIAN J. NOAKES AND ASLAN NOAKES,** <br> Plaintiffs, <br><br> vs. <br><br> **DAVID COX AND CITY OF CORVALLIS,** <br><br> Defendants. | Case No. 08-6103-HO <br><br> **COMPLAINT** <br> *(Civil Rights / False Arrest / Negligence)* <br><br> **DEMAND FOR JURY TRIAL** |

## I.

## INTRODUCTION

1.  Pursuant to 42 USC §1983, Plaintiff Brian Noakes alleges that Defendants violated his 4th Amendment rights by subjecting or causing him to be subjected to an arrest without probable cause. Pursuant to ORS 30.275, Brian Noakes also makes claims under state law against Defendant City of Corvallis for damages arising from false arrest and negligence.

Page 1 of 14 – COMPLAINT

Weatherford, Thompson, Cowgill, Black & Schultz, P.C.
130 W First Avenue, P O Box 667
Albany OR 97321
Telephone: (541) 926-2255  Facsimile: (541) 967-6579

2. Pursuant to 42 USC §1983, Plaintiff Aslan Noakes alleges that Defendant Cox violated her 4th Amendment rights by causing her to be subjected to excessive force.

3. Plaintiffs seek awards of economic damages, noneconomic damages, and attorney fees and litigation expenses/costs against Defendants. Plaintiff Brian Noakes also seeks an award of punitive damages against Defendant David Cox under federal law.

## II.

## JURISDICTION

4. This Court has jurisdiction over Plaintiffs' claims by virtue of 28 USC §§1331, 1343, and 1367.

## III.

## PARTIES

5. At all material times herein, Plaintiff Brian Noakes ("Mr. Noakes") was a resident of Benton County in the State of Oregon.

6. At all material times herein, Plaintiff Aslan Noakes ("Mrs. Noakes") was a resident of Benton County in the State of Oregon.

7. At all material times herein, Defendant David Cox ("Cox") was a Corvallis Police Officer acting within the course and scope of his employment. Cox is sued in his individual capacity only.

8. At all material times herein, Defendant City of Corvallis ("City") was and is a public body responsible under state law for the acts and omissions of its law enforcement officers and other employees, including those whose conduct is at issue herein.

////

////

Page 2 of 14 – COMPLAINT

## IV.

## FACTS

9. At all times material herein, Defendants acted under color of state law.

10. On the night of June 16, 2007, Mr. Noakes agreed to be the designated driver for his wife Mrs. Noakes. Mr. Noakes had been sick with a cold and would rest at home until his wife Mrs. Noakes telephoned him.

11. At approximately 12:20 a.m. on June 17, 2007, Mr. Noakes received a phone call from his wife asking him to pick her up at Tailgaters, a local bar in Corvallis. Mr. Noakes subsequently drove to Tailgaters and parked his vehicle to wait for his wife. Upon parking his vehicle, Mr. Noakes received a text message from his wife informing him that she had changed locations and to pick her up at a bar one block away from his current location. Mr. Noakes agreed and proceeded to drive to his wife's new location.

12. At approximately 12:44 a.m. on June 17, 2007, Cox, while on patrol, noticed a vehicle backing out of a parking space at Tailgaters. The man driving the vehicle would later be identified as Mr. Noakes.

13. Mr. Noakes left the parking lot and turned right, southbound onto NW 14th Street and proceeded approximately 110 feet to the intersection of SW Monroe Avenue and NW 14th Street. Mr. Noakes turned right at the intersection, westbound onto NW Monroe Avenue and proceeded another 146 feet before turning right into the Circle K parking lot across the street from where his wife was located. Mr. Noakes parked his vehicle in the second most right-hand parking space facing the Circle K.

14. Cox followed Mr. Noakes from 14th Street, to Monroe Avenue, and into the Circle K parking lot, where he parked his vehicle to the south and east of Mr. Noakes vehicle. The

Page 3 of 14 – COMPLAINT

Weatherford, Thompson, Cowgill, Black & Schultz, P.C.
130 W First Avenue, P O Box 667
Albany OR 97321
Telephone: (541) 926-2255 Facsimile: (541) 967-6579

manner in which Cox parked his patrol vehicle and the orientation of the buildings in the vicinity made it impossible for Mr. Noakes to navigate his vehicle out of the parking space.

15. Cox did not use his emergency lights or sirens to alert Mr. Noakes that he had been stopped.

16. Mr. Noakes did not commit any violations of the motor vehicle code or any other statute or rule recognized under Oregon law.

17. Once parked, Mr. Noakes exited his vehicle and was approached by Cox. Mr. Noakes was immediately questioned by Cox and was requested to present his driver's license, registration, and proof of insurance. At no point during Mr. Noakes' questioning with Cox did he feel free to leave.

18. After his initial questioning, Cox asked Mr. Noakes if he would voluntarily consent to the National Traffic Highway Safety Administration ("NTHSA") Standard Field Sobriety Tests ("SFST"). Mr. Noakes consented.

19. Mr. Noakes passed two out the three SFST under the guidelines set forth by the NTHSA.

20. At no time prior to, during, or after the administration of the SFST did Cox have a factual basis to form probable cause and arrest Mr. Noakes.

21. After administering the SFST, Cox requested that Mr. Noakes participate in additional field sobriety tests. The tests performed were from the Drug Recognition Expert ("DRE") protocol.

22. At the time of Mr. Noakes' stop and arrest, Cox had taken classes on the DRE protocol, but had not yet been certified to administer these tests.

Page 4 of 14 – COMPLAINT

Weatherford, Thompson, Cowgill, Black & Schultz, P.C.
130 W First Avenue, P O Box 667
Albany OR 97321
Telephone: (541) 926-2255  Facsimile: (541) 967-6579

23. Cox did not adhere to the guidelines set forth in the DRE protocol while administering multiple DRE field sobriety tests.

24. At no time during or after the administration of the tests within the DRE protocol did Cox have a factual basis to form probable cause and arrest Mr. Noakes.

25. Cox placed Mr. Noakes under arrest for driving under the influence of a controlled substance following the administration of the field sobriety tests.

26. Cox failed to utilize and apply the training he received in the detection of impaired drivers and the administration of the SFST.

27. During Cox's initial questioning, administration of field sobriety tests, and arrest of Mr. Noakes, his wife, Mrs Noakes, stood in the distance observing and waiting for her husband to be free to leave.

28. As Cox placed Mr. Noakes in his police car, Mrs. Noakes approached Cox in an attempt to inquire about her husband. Mrs. Noakes approached Cox in a non-threatening manner and remained several feet away from Cox at all times during the encounter. After a brief non-threatening exchange, Cox threatened to use his taser on Mrs. Noakes if she approached him again. In response to the threat by Cox, Mrs. Noakes quickly walked away from the immediate area.

29. Cox subsequently transported Mr. Noakes to the Benton County Correctional Facility. While at the Correctional Facility, Mr. Noakes consented to a breath test, which registered 0.00% blood alcohol content ("BAC"). Mr. Noakes further submitted a urine sample which tested negative for the presence of drugs.

30. Cox cited Mr. Noakes for Driving Under the Influence of Intoxicants - Controlled Substance.

Page 5 of 14 – COMPLAINT

Weatherford, Thompson, Cowgill, Black & Schultz, P.C.
130 W First Avenue, P O Box 667
Albany OR 97321
Telephone: (541) 926-2255  Facsimile: (541) 967-6579

31.     The City, the Corvallis Police Department, and its officials, had never disciplined a Corvallis Police Officer who, while acting in the line of duty, arrested or stopped an innocent citizen without reasonable suspicion or probable cause through intentional conduct, negligence, neglect of duty, incompetence, and/or inefficiency. This well-established refusal to discipline constitutes an official well-established practice of the City and its police department to support, condone, and ratify the unlawful and unconstitutional arrests and stops of innocent citizens.

32.     As of June 17, 2007, the City and its officials knew or had reason to know that Cox had a history of and a propensity for:

(a)     Subjecting innocent citizens to unlawful arrests and stops; and

(b)     Violating the constitutional rights of innocent citizens.

33.     A few examples of Cox's repeated history of violating the constitutional rights of innocent citizens includes:

(a)     On or about 6/19/06 Cox arrested Carl Feher for Driving Under the Influence of Intoxicants. At Cox's request, Mr. Feher consented to a breath test which registered a 0.00% BAC. Again at Cox's request, Mr. Feher consented to submit a urine sample. Further at Cox's request, Mr. Feher consented to an independent drug evaluation by an officer certified as a DRE. The DRE certified officer concluded that Mr. Feher was not under the influence of any controlled substances. Cox issued Mr. Feher a citation for Driving Under the Influence of Intoxicants - Controlled Substances. Mr. Feher's urine subsequently sample tested negative for the presence of drugs. Cox violated Mr. Feher's 4th Amendment right under the Constitution of the United States not to be subjected to an arrest without probable cause. As a result of Cox's unconstitutional actions, Mr. Feher now has an arrest on his record which cannot be removed under Oregon law;

Page 6 of 14 – COMPLAINT

Weatherford, Thompson, Cowgill, Black & Schultz, P.C.
130 W First Avenue, P O Box 667
Albany OR 97321
Telephone: (541) 926-2255  Facsimile: (541) 967-6579

      (b)    On or about 8/18/04 Cox arrested Eric Stavale for Driving Under the Influence of Intoxicants. At Cox's request, Mr. Stavale consented to a breath test which registered a 0.01% BAC. Again at Cox's request, Mr. Stavale consented to submit a urine sample. Further at Cox's request, Mr. Stavale consented to an independent drug evaluation by an officer certified as a DRE. The DRE certified officer concluded that Mr. Stavale was not under the influence of any controlled substances. Cox issued Mr. Stavale a citation for Driving Under the Influence of Intoxicants - Controlled Substances. Mr. Stavale's urine subsequently sample tested negative for the presence of drugs. Cox violated Mr. Stavale's 4th Amendment right under the Constitution of the United States not to be subjected to an arrest without probable cause. As a result of Cox's unconstitutional actions, Mr. Stavale now has an arrest on his record which cannot be removed under Oregon law;

      (c)    On or about 3/31/04 Cox arrested Joshua Sauter for Driving Under the Influence of Intoxicants. At Cox's request, Mr. Sauter consented to a breath test which registered a 0.00% BAC. Again at Cox's request, Mr. Sauter consented to submit a urine sample. Further at Cox's request, Mr. Sauter consented to an independent drug evaluation by an officer certified as a DRE. The DRE certified officer concluded that Mr. Sauter was not under the influence of any controlled substances. Cox issued Mr. Sauter a citation for Driving Under the Influence of Intoxicants - Controlled Substances. Mr. Sauter's urine subsequently sample tested negative for the presence of drugs. Cox violated Mr. Sauter's 4th Amendment right under the Constitution of the United States not to be subjected to an arrest without probable cause. As a result of Cox's unconstitutional actions, Mr. Sauter now has an arrest on his record which cannot be removed under Oregon law;

Page 7 of 14 – COMPLAINT

Weatherford, Thompson, Cowgill, Black & Schultz, P.C.
130 W First Avenue, P O Box 667
Albany OR 97321
Telephone: (541) 926-2255  Facsimile: (541) 967-6579

(d) In 2004, Greg Lockwood, a retired police officer of 31 years, was pulled over by Cox. Cox's stated reasons for stopping Mr. Lockwood were false and fabricated. Mr. Lockwood filed a citizen's complaint with the Corvallis Police Department. Cox violated Mr. Lockwood's 4th Amendment right under the Constitution of the United States not to be subjected to a stop without reasonable suspicion; and

(e) In 2006, Judy Danielson, a Sourcing Coordinator at Hewlett Packard, was pulled over by Cox. Cox's stated reasons for stopping Ms. Danielson were false and fabricated. Cox violated Ms. Danielson's 4th Amendment right under the Constitution of the United States not to be subjected to a stop without reasonable suspicion.

34. The City and its officials failed and refused to protect Mr. Noakes and other innocent citizens from unlawful and unconstitutional conduct by Cox by not taking the necessary and appropriate steps to protect Mr. Noakes and other innocent citizens from being subjected to such conduct, and thereby supported, condoned, and ratified Cox's conduct as described in paragraphs 32 and 33 above. The City and its officials knew or should have known that such necessary and appropriate steps at the very least would have included:

(a) Timely and appropriate training;

(b) Timely and appropriate discipline;

(c) Timely and appropriate termination;

(d) Requiring and enforcing audio and video recordings in all investigations involving individuals suspected of driving under the influence of intoxicants;

(e) The implementation and operation of an effective early warning system to identify, monitor, and take the necessary and appropriate steps to prevent certain Corvallis Police

Page 8 of 14 – COMPLAINT

Weatherford, Thompson, Cowgill, Black & Schultz, P.C.
130 W First Avenue, P O Box 667
Albany OR 97321
Telephone: (541) 926-2255  Facsimile: (541) 967-6579

Officers, such as Cox, from repeatedly engaging in or allowing unlawful and unconstitutional conduct, including that which causes the unlawful arrests of innocent citizens;

(f) The implementation and operation of a thorough, independent, and effective review system to investigate the arrests of citizens where the District Attorney has taken no action or the charges have been dismissed;

(g) The implementation of a policy whereby drivers suspected of a DUII that subsequently register a 0.00% BAC, are not examined by an officer certified as a DRE, and have given the officer no indication of drug use are released from custody without further incident or citation;

(h) Assessing and ensuring that all officers maintain sufficient competency to perform their duties; and

(i) The enforcement of the Corvallis Police Department's General Orders.

35. As described in paragraphs 31 through 34 above, the inaction and deliberate indifference by the City and its officials in the face of the known risks posed by Cox constitute an official well-established practice of the City.

36. The City and its officials did not adequately discipline or terminate Cox, but instead allowed him to resign, thereby supporting, condoning and ratifying the unconstitutional behavior used by Cox to arrest innocent citizens without probable cause.

37. As a result of the conduct described in paragraphs 31 through 36 above, Cox knew or had reason to know that he could, with impunity, arrest individuals without probable cause and otherwise act unlawfully and violate the constitutional rights of innocent citizens.

Page 9 of 14 – COMPLAINT

Weatherford, Thompson, Cowgill, Black & Schultz, P.C.
130 W First Avenue, P O Box 667
Albany OR 97321
Telephone: (541) 926-2255  Facsimile: (541) 967-6579

38.  Knowing or having reason to know about Cox's propensity to arrest innocent citizens without probable cause, the City and its officials were deliberately indifferent with regard to the well-established constitutional rights of Mr. Noakes and other citizens.

39.  As a direct result of the above conduct by Defendants, Mr. Noakes has suffered and endured emotional distress, embarrassment, and social ostracism. Further, the conduct by Defendants has created a criminal record for Mr. Noakes with an arrest that cannot be removed under Oregon law. Mr. Noakes has also incurred attorney fees related to the defense of his criminal citation.

40.  As a result of the above conduct by Defendants, Mrs. Noakes has suffered and endured emotional distress, embarrassment, and social ostracism.

41.  Cox acted with a conscious disregard for Mr. Noakes' constitutional rights. In addition, Cox's conduct was wanton, reckless and in disregard for Mr. Noakes' well-established constitutional rights.

## V.

### BRIAN NOAKES' FIRST CLAIM FOR RELIEF

### (§1983 – 4th Amendment Violation)

42.  As applicable, Plaintiff Brian Noakes incorporates the above.

43.  As described above, Cox violated Mr. Noakes' right not to be subjected to arrest without probable cause, as guaranteed by the 4th Amendment of the United States Constitution.

44.  As described above, one or more of the City's policies, official well-established practices or acts caused the violation of Mr. Noakes right not to be subjected to arrest without probable cause, as guaranteed by the 4th Amendment of the United States Constitution.

Page 10 of 14 – COMPLAINT

Weatherford, Thompson, Cowgill, Black & Schultz, P.C.
130 W First Avenue, P O Box 667
Albany OR 97321
Telephone: (541) 926-2255 Facsimile: (541) 967-6579

45. As a result of the above, Mr. Noakes is entitled to an award of economic and noneconomic damages against both Defendants in amounts to be determined at trial.

46. As a result of the above, Mr. Noakes is entitled to an award of punitive damages against Cox in an amount to be determined at trial.

47. Mr. Noakes should be awarded his attorney fees and litigation expenses/costs against Defendants pursuant to 42 USC §1988.

## VI.

## BRIAN NOAKES' SECOND CLAIM FOR RELIEF

### (State Law Claim – False Arrest)

48. As applicable, Plaintiff Brian Noakes incorporates the above.

49. Mr. Noakes gave the City timely written notice of his state law claim for false arrest and has satisfied the notice requirements of the Oregon Tort Claims Act.

50. The Defendants intended to confine and did confine Mr. Noakes by arresting him for driving under the influence of a controlled substance and transporting him to the Benton County Correctional Facility.

51. Mr. Noakes was made aware of his confinement when Cox informed him that he was under arrest. The confinement of Mr. Noakes was unlawful because Cox did not have probable cause to arrest him.

52. As a result of the above, Mr. Noakes is entitled to an award of economic and noneconomic damages against the City in amounts to be determined at trial.

53. Mr. Noakes should be awarded his costs against the City.

////

////

Page 11 of 14 – COMPLAINT

Weatherford, Thompson, Cowgill, Black & Schultz, P.C.
130 W First Avenue, P O Box 667
Albany OR 97321
Telephone: (541) 926-2255  Facsimile: (541) 967-6579

## VII.

## BRIAN NOAKES' THIRD CLAIM FOR RELIEF

### (State Law Claim – Negligence)

54.   As applicable, Plaintiff Brian Noakes incorporates the above.

55.   Mr. Noakes gave the City timely written notice of his state law claim for negligence and has satisfied the notice requirements of the Oregon Tort Claims Act.

56.   The City was negligent in one or more of the following particulars:

(a)   Failing to administer timely and appropriate training;

(b)   Failing to administer timely and appropriate discipline;

(c)   Failing to administer timely and appropriate termination;

(d)   Failing to require and enforce audio and video recordings in all investigations involving individuals suspected of driving under the influence of intoxicants;

(e)   Failing to implement and operate an effective early warning system to identify, monitor, and take the necessary and appropriate steps to prevent certain Corvallis Police Officers, such as Cox, from repeatedly engaging in or allowing unlawful and unconstitutional conduct, including that which causes the arrests of innocent citizens without probable cause;

(f)   Failing to implement and operate a thorough, independent and effective review system to investigate the arrests of citizens when the District Attorney has taken no action or the charges have been dismissed;

(g)   Failing to adequately assess and ensure that all officers maintain sufficient competency to perform their duties;

(h)   Failing to implement a policy whereby drivers suspected of a DUII that subsequently register a 0.00% BAC, are not examined by an officer certified as a DRE, and give no indication of drug use are released from custody without further incident or citation; and

(i) Failing to enforce the Corvallis Police Department's General Orders.

57. The City through the actions and omissions of Cox was negligent in one or more of the following particulars:

(a) Arresting Mr. Noakes without probable cause;

(b) Failing to release Mr. Noakes after his breath test results registered a 0.00 BAC and no indications of drug use were present;

(c) Issuing a citation to Mr. Noakes for a DUII after his breath test results registered a 0.00% BAC and no indications of drug use were present;

(d) Failing to comply with the NTHSA guidelines for administering the SFST;

(e) Failing to utilize and apply the training he received in the detection of impaired drivers and the administration of the SFST;

(f) Failing to maintain sufficient competency to perform his duties; and

(g) Failing to comply with the Corvallis Police Department's General Orders.

58. As a direct result of the negligence of the City, and as a substantial factor and legal cause thereof, Mr. Noakes has suffered economic and noneconomic damages against the City in amounts to be determined at trial.

59. Mr. Noakes should be awarded his costs against the City.

## VIII.

### ASLAN NOAKES' FIRST CLAIM FOR RELIEF

### (§1983 – 4th Amendment Violation – Excessive Force)

60. As applicable, Plaintiff Aslan Noakes incorporates the above.

61. As described above, Cox violated Mrs. Noakes right not to be subjected to excessive force, as guaranteed by the 4th Amendment of the United States Constitution.

Page 13 of 14 – COMPLAINT

Weatherford, Thompson, Cowgill, Black & Schultz, P.C.
130 W First Avenue, P O Box 667
Albany OR 97321
Telephone: (541) 926-2255  Facsimile: (541) 967-6579

62. As a result of the above, Mrs. Noakes is entitled to an award of economic and noneconomic damages against Cox in amounts to be determined at trial.

63. Mrs. Noakes should be awarded her attorney fees and litigation expenses/costs against both Defendants pursuant to 42 USC §1988.

**WHEREFORE,** Plaintiffs pray for relief from the Court as follows:

1. Assume jurisdiction in this matter over Plaintiffs' claims;

2. Award Plaintiffs' economic and noneconomic damages against Defendants in amounts to be determined at trial in accordance with the allegations set forth above;

3. Award Plaintiff Brian Noakes punitive damages against Defendant Cox in an amount to be determined at trial in accordance with the allegations set forth above;

4. Award Plaintiffs' their attorney fees and litigation expenses/costs against Defendants in accordance with the allegations set forth above; and

5. Grant such other relief as the Court deems just and proper.

PLAINTIFFS DEMAND A JURY TRIAL

**DATED** this 31st day of March, 2008.

WEATHERFORD, THOMPSON,
COWGILL, BLACK & SCHULTZ P.C.

_____
Daniel A. Rayfield, OSB #06479
Of Attorneys for Plaintiffs
TEL: 541-926-2255
FAX: 541-967-6579
E-Mail: drayfield@wtlegal.com

TRIAL ATTORNEY: Daniel A. Rayfield, OSB #06479